**In re Tommy Ray TAYLOR, Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**STATE BANK & TRUST CO., et al., Defendants.**

**Bankruptcy No. 83–0777.**
**Related Case 83–00733.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 18, 1984.

John J. Hunter, Toledo, Ohio, for plaintiff.

John W. Weaner, Defiance, Ohio, for defendants.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Trustee-Plaintiff.

## FACTS

The Complaint in this adversary case seeks a determination as to whether or not the Trustee should be able to sell two (2) parcels of real estate free and clear of liens. An adversary proceeding is required by Bankruptcy Rule 7001, inasmuch as the Debtor is the owner of the property. *See,* Bankruptcy Rule 7001(3). Named as defendants in the case are nine entities who are alleged to have an interest in this real estate. On November 21, 1983, this Court entered an Order authorizing the sale of the property, the sequestration of the proceeds, and the attachment of the liens to the proceeds.

The Motion presently before this Court seeks a determination as to the allegedly preferential character of a lien held by one of the defendants. This allegation is made pursuant and with specific reference to 11 U.S.C. § 547(b). However, there are no allegations as to the preferential nature of the lien in the Complaint. The only mention made in the Complaint as to the validity of the liens is made in the prayer, where it is stated that:

"[the] trustee prays this Court ... FOR A FURTHER ORDER determining the nature, extent, validity, and priority of the alleged liens, and for such other and further relief as may be just and equitable."

The certificate of service attached to the Motion for Summary Judgment indicates that it has been served on all the defendants in the case.

## LAW

A review of Bankruptcy Rule 7001 finds that it states in pertinent part:

"An adversary proceeding is governed by the rules of this Part VII. It is a proceeding in a bankruptcy court to recover money or property ... to determine the validity, priority, or extent of a lien or other interest in property."

The Advisory Committee Notes which follow the Rule indicate that an action to avoid a preference under 11 U.S.C. § 547 must be brought as an adversary proceeding.

In the present case, the Motion for Summary Judgment addresses issues which are not directly pled in the Complaint. Therefore, the issue of whether or not the taking of the lien was preferential is not properly before this Court. Although the Motion for Summary Judgment was served on all the Defendants, it would still be improper for this Court to terminate the interests of the Defendant based solely on the Motion

and the vague language in the prayer of the Complaint. Inasmuch as the Bankruptcy Rules regard an action to avoid a transfer of sufficient gravity so to warrant an adversary proceeding and all the inherent protections attendant thereto, this Court cannot justify a ruling on the issue of preference based on the record now before it. Even if the Court were to consider the Motion as it presently has been submitted, there has been no showing that the creditor received any greater percentage of the debt owed than if the transfer had not secured. *See,* 11 U.S.C. § 547(b)(5). Accordingly,

It is ORDERED that the Motion for Summary Judgment be, and it is hereby, DENIED.